E-FILED: Prince George's Circuit Court
Docket: 9/12/2025 2:58 PM; Submission: 9/12/2025 2:58 PM
Envelope: 22912975

| | | |
|---|---|---|
| **NATHANIAL RICHARDSON** | * | **IN THE** |
| 13203 Muscovy Court | | |
| Upper Marlboro, Maryland 20774 | * | **CIRCUIT COURT** |
| | | |
| *and* | * | **FOR** |
| | | |
| **CACHET FARRAR, individually and on** | * | **PRINCE GEORGE'S COUNTY** |
| **behalf of minor children N.F. and G.F.** | | |
| 13203 Muscovy Court | * | **MARYLAND** |
| Upper Marlboro, Maryland 20774 | | |
| | * | |
| *Plaintiffs,* | * | |
| | | |
| **v.** | * | **PRINCE GEORGE'S COUNTY** |
| | * | |
| **CITY OF BOWIE** | | |
| Office of the City Clerk | * | **CASE NO.:** C-16-CV-25-005157 |
| 15901 Excalibur Road | | |
| Bowie, Maryland | * | |
| | | |
| *and* | * | |
| | | |
| **ROBERT WARRINGTON** | * | |
| 12515 Rockledge Drive | | |
| Bowie, Maryland 20715 | * | |
| | | |
| *Defendants.* | * | |

RS

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT AND JURY DEMAND

Plaintiffs Nathanial Richardson and Cachet Farrar, individually and as Mother and Next Friend of minor children N.F. and G.F. (collectively, "Plaintiffs"), by and through undersigned counsel, Jeffrey P. Bowman, Ronald H. Jarashow, and Matthew J. Chalker of BOWMAN JARASHOW LAW LLC, and Robin K. Henley of Henley & Henley, Attorneys at Law, sue the City of Bowie ("Defendant Bowie") and Sergeant Robert Warrington ("Warrington" or "Defendant Warrington") (collectively, "Defendants") and for cause state as follows:

1

**Ex. A**

## INTRODUCTION

1.      This civil rights and tort action arises from the unlawful, objectively unreasonable discharge of a firearm by Sergeant Robert Warrington of the Bowie Police Department ("BPD") at an unarmed civilian, Plaintiff Nathanial Richardson, without warning or imminent threat, in the presence of his partner and their minor children, on Collington Road in Bowie, Maryland. The round narrowly missed Mr. Richardson and struck a passing vehicle, terrorizing Plaintiffs and endangering bystanders.

2.      BPD maintains written policies purporting to regulate the use of force, firearms, and professional conduct, and its policies, customs, training practices, supervision, and enforcement failures, along with Warrington's unlawful and unreasonable discharge of a firearm, were the causes of the constitutional deprivations and common-law harms described in this Complaint.

## JURISDICTION AND VENUE

3.      Plaintiffs assert claims under 42 U.S.C. § 1983 and under Articles 24 and 26 of the Maryland Declaration of Rights, together with related Maryland common-law claims.

4.      This Court possesses concurrent jurisdiction over claims brought under 42 U.S.C. § 1983, and nothing in § 1983 makes federal jurisdiction exclusive. This Court therefore has subject-matter jurisdiction over all claims in this action, including the federal claims, under the doctrine of concurrent jurisdiction.

5.      Jurisdiction is proper pursuant to Md. Code Ann., Cts. & Jud. Proce. §§ 3-403, 6-102, and 6-103.

Ex. A

6. Venue is proper in this Court under Md. Code, Courts and Judicial Proceedings §§ 6-201 and 6-202 because the causes of action arose in Prince George's County and Defendants reside in, carry on regular business in, and exercise governmental functions within this County.

## NOTICE

7. On November 26, 2024, Plaintiffs provided timely written notice to Defendant Bowie consistent with the Local Government Tort Claims Act. Plaintiffs do not concede that any notice provision applies to claims under 42 U.S.C. § 1983.

## PARTIES

8. Plaintiff Nathanial Richardson is an adult resident of Prince George's County, Maryland.

9. Plaintiff Cachet Farrar is an adult resident of Prince George's County, Maryland, and the mother of minor Plaintiffs N.F. and G.F., who sue by and through her as Next Friend.

10. Defendant Warrington is a sworn police officer employed by the BPD and at all relevant times acted under color of law. He is sued in his individual capacity. To the extent alleged herein against BPD and the City, his official-capacity conduct is attributable to Defendant Bowie.

11. Defendant City of Bowie, Maryland, is a municipal corporation responsible for policies, practices, supervision, training, and discipline of the Bowie Police Department and its officers.

## FACTS COMMON TO ALL COUNTS

### The Shooting

12. On September 12, 2024, at approximately 8:00 a.m., Plaintiff Richardson was a passenger in a white SUV driven by Plaintiff Farrar traveling on Collington Road near U.S. Route 50 in Bowie, Maryland. Their minor children, N.F. and G.F., were in the vehicle.

Ex. A

13.     During the drive, Mr. Richardson briefly exited to retrieve a hat that had blown out of the vehicle. Ms. Farrar and the children remained inside.

14.     Without warning or lawful justification, Warrington stopped his police vehicle near Mr. Richardson, exited, approached him, posed a brief question, and then immediately discharged his firearm in Mr. Richardson's direction.

15.     The bullet narrowly missed Mr. Richardson and struck a passing minivan.

16.     Mr. Richardson posed no threat, displayed no weapon, made no aggressive or furtive movement, and did not resist or flee.

17.     Warrington issued no commands such as "stop," "hands up," or "get down" before firing.

18.     After the shooting, Warrington admitted what happened to Mr. Richardson and apologized to him.

19.     Body-worn camera and witness video capture the shooting and its immediate aftermath, including Warrington's admission and apology.

20.     Plaintiffs reasonably feared for their lives and continue to suffer severe emotional trauma, anxiety, and psychological distress.

21.     Following the incident, the Prince George's County State's Attorney obtained a grand-jury indictment charging Warrington with attempted second-degree murder and reckless endangerment. Criminal proceedings are pending in the Circuit Court for Prince George's County with trial set on or about September 29, 2025. See *State v. Warrington*, Case No.: C-16-CR-24-002494 ("Criminal Case"). The Criminal Case is scheduled for a four (4) day jury trial set to begin on or about September 29, 2025 in this Court.

4

Ex. A

**Department Policies**

22.    BPD maintains written policies governing use of force, firearms handling, and professional conduct designed to protect the public and align with nationally accepted standards.

23.    BPD General Order 405 (Use of Force) limits force to that which is objectively reasonable and necessary; requires de-escalation when time and safety permit; and requires cessation of force once a subject no longer poses an imminent threat.

24.    BPD General Order 406 (Firearms) requires treating all firearms as loaded; pointing the muzzle only in a safe direction; keeping the trigger finger outside the trigger guard until the officer intends to fire; and being certain of the target and what lies beyond before discharging.

25.    BPD General Order 108 (Code of Conduct) mandates integrity and professional conduct and prohibits unjustified or excessive force.

26.    Warrington's firearm discharge at an unarmed, non-threatening civilian without warning violated each of these policies.

**CLAIMS FOR RELIEF**

**Count I**
**42 U.S.C. § 1983: Excessive Force (Fourth Amendment incorporated via the Fourteenth Amendment)**
**(Against Defendant Warrington, Individual Capacity)**

27.    Plaintiffs hereby adopt and incorporate by reference the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

28.    This claim arises under 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of Plaintiff Richardson's right to be free from unreasonable seizures, including the use of excessive force, secured by the Fourth Amendment and applied to the States through the Fourteenth Amendment.

Ex. A

29.     Acting under color of law as a BPD officer, Warrington used deadly force against Mr. Richardson without lawful justification.

30.     At the time, Mr. Richardson posed no threat, immediate or otherwise, to Warrington, other officers, or the public and was unarmed and non-aggressive.

31.     Discharging a firearm at an unarmed civilian without warning or imminent threat violated clearly established constitutional rights.

32.     Warrington's actions were objectively unreasonable and violated BPD General Orders 405, 406, and 108.

33.     As a direct and proximate result, Plaintiffs suffered severe emotional distress, fear, and psychological injury.

WHEREFORE, Plaintiffs Nathanial Richardson and Cachet Farrar, individually and as Mother and Next Friend of minor children N.F. and G.F., demand the following relief: (a) judgment against Defendants in an amount exceeding seventy-five thousand dollars ($75,000), plus pre-judgement and post-judgment interest; (b) the costs of this action, including attorneys' fees and expenses; (c) punitive damages in an amount to be determined at trial; and, (d) such further relief as this Honorable Court deems just and proper under the circumstances.

### Count II
### 42 U.S.C. § 1983: Substantive Due Process — Familial Integrity and Association
### (Fourteenth Amendment)
### (Against Defendant Warrington, Individual Capacity)

34.     Plaintiffs hereby adopt and incorporate by reference the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

35.     By discharging his firearm at Mr. Richardson in the presence of Ms. Farrar and their minor children, Warrington interfered with the family's constitutionally protected rights to familial integrity and association.

6

**Ex. A**

36.     Warrington had a clear, unobstructed view of Ms. Farrar and the minor children seated in the family vehicle within feet of Mr. Richardson and within the immediate zone of danger.

37.     The discharge occurred during the weekday morning commute on a public roadway with ordinary traffic and bystanders present, heightening the foreseeable risk to the family and the public.

38.     Warrington issued no commands such as "stop," "hands up," or "get down," and made no attempt at de-escalation or safer alternatives, despite having the time and ability to do so.

39.     The bullet missed Mr. Richardson and struck a passing minivan, demonstrating that Warrington fired without confirming his target or what lay beyond, and that the round entered public traffic in the direction of the family's vehicle.

40.     Immediately after firing, Warrington admitted that he had discharged his weapon and apologized, evidencing awareness that no lawful justification existed for the shot.

41.     Ms. Farrar and the minor children directly witnessed the muzzle flash and its aftermath, experienced intense fright and shock, and reasonably believed that Mr. Richardson had been or would be shot and killed in front of them.

42.     Since the incident, Plaintiffs have experienced ongoing trauma-related symptoms, including sleep disturbance, intrusive recollections, hypervigilance around police vehicles and sirens, avoidance of the route of travel where the shooting occurred, and disruption of ordinary family routines such as school drop-offs and routine drives together.

43.     Plaintiffs have sought, or intend to seek, counseling and therapy to address trauma-related symptoms and to restore a sense of safety within the family unit.

Ex. A

44.     Warrington knew or had reason to know that firing a handgun in close proximity to Mr. Richardson while his partner and young children sat nearby would foreseeably and immediately injure the family's ability to live together in security and peace, and he acted with deliberate indifference to that harm.

45.     Warrington's conduct shocks the conscience given the absence of any imminent or other threat, the lack of exigency requiring a split-second decision, the presence and proximity of minor children, the availability of safer alternatives and verbal commands, the violation of basic firearms-safety and use-of-force rules, and the foreseeable impact on the family's integrity and association.

WHEREFORE, Plaintiffs Nathanial Richardson and Cachet Farrar, individually and as Mother and Next Friend of minor children N.F. and G.F., demand the following relief: (a) judgment against Defendants in an amount exceeding seventy-five thousand dollars ($75,000), plus pre-judgement and post-judgment interest; (b) the costs of this action, including attorneys' fees and expenses; (c) punitive damages in an amount to be determined at trial; and, (d) such further relief as this Honorable Court deems just and proper under the circumstances.

### Count III
### 42 U.S.C. § 1983: Municipal Liability (Monell)
### (Against Defendant City of Bowie)

46.     Plaintiffs hereby adopt and incorporate by reference the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

47.     This Monell claim arises under 42 U.S.C. § 1983 to redress deprivations of rights secured by the Fourth and Fourteenth Amendments caused pursuant to Defendant's statutes, ordinances, regulations, policies, customs, practices, or usages, including decisions of officials with final policymaking authority, and failures to train, supervise, and discipline amounting to

Ex. A

deliberate indifference. These municipal policies and customs were a moving force behind the violations.

48. Despite BPD's written policies (General Orders 405, 406, 108), Defendant failed to adequately train, supervise, and discipline officers, tolerated policy violations, and maintained customs and practices exhibiting deliberate indifference to constitutional rights.

49. Defendants' failure to adhere to its policies, customs, practices, training responsibilities, supervision, communications protocols, and forensic review systems, as maintained or controlled by Defendant, was a moving force behind the violations of Plaintiffs' rights.

50. As a result, Plaintiffs suffered significant injuries, including emotional trauma, psychological harm, and loss of family security.

WHEREFORE Plaintiffs Nathanial Richardson and Cachet Farrar, individually and as Mother and Next Friend of minor children N.F. and G.F. request compensatory damages in an amount exceeding seventy-five thousand dollars ($75,000); declaratory relief that Defendants' policies, customs, and practices violated Plaintiffs' constitutional rights; injunctive relief requiring Defendants to implement meaningful, transparent, and timely processes to review and investigate use-of-force incidents and citizen complaints, to revise training to ensure firearms handling, de-escalation, and threat assessment consistent with constitutional standards, to monitor and remediate officers involved in unjustified firearm discharges, and to adopt transparent discipline, reporting, and auditing structures; attorneys' fees and costs under 42 U.S.C. § 1988; and such further relief as the Court deems just.

Ex. A

## Count IV
## Violation of Article 24 of the Maryland Declaration of Rights – Excessive Force
## (Against All Defendants)

51.    Plaintiffs hereby adopt and incorporate by reference the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

52.    Warrington's actions were unreasonably and applied unnecessary force, thereby injury Mr. Richardson in violation of his rights to due process and to be free from excessive force as protected by Article 24 of the Maryland Declaration of Rights.

53.    Warrington's actions were taken without provocation and without legal justification and with the intent to violate the civil rights of Mr. Richardson, as well as his rights under Article 24 of the Maryland Declaration of Rights.

54.    When Warrington, without provocation or reason to do so fired his weapon, Mr. Richardson was unarmed, non-threatening, not fleeing, and compliant; no felony had been committed in Warrington's presence; and no immediate threat to any person existed.

55.    Warrington issued no commands or warnings and made no attempt to de-escalate despite having time and the ability to do so.

56.    Ms. Farrar and the minor children were within feet of Mr. Richardson inside the family vehicle, in Warrington's line of fire and within the immediate zone of danger.

57.    The round missed Mr. Richardson and struck a passing minivan, demonstrating that Warrington fired without being certain of his target or what lay beyond and that the shot traveled into active traffic.

58.    Body-worn camera and witness video capture the discharge and Warrington's immediate apology and admission, evidencing awareness that no lawful basis existed for the shot.

Ex. A

59.     The shooting violated basic firearms safety and BPD's written policies, including General Orders 405 (Use of Force), 406 (Firearms), and 108 (Code of Conduct).

60.     There was no rapidly evolving emergency, high-speed chase, or hostage scenario; the scene was stable enough for commands or less-than-lethal alternatives short of deadly force.

61.     As a direct and proximate result of Warrington's conduct, Plaintiffs suffered fear, emotional distress, and ongoing psychological harm, and their family security and daily routines were disrupted.

62.     At all relevant times, Warrington acted within the scope of his employment and in furtherance of his duties as a BPD officer. Defendant City of Bowie is liable under Maryland law, including *respondeat superior* for constitutional torts, and through their failure to adhere to and apply their own customs, policies, training, supervision, and oversight that were a moving force of the violations.

63.     Warrington was on duty, in uniform, carrying his service weapon, and using BPD equipment at the time of the events described herein.

64.     The incident occurred within BPD's jurisdiction during a routine patrol response.

WHEREFORE Plaintiffs Nathanial Richardson and Cachet Farrar, individually and as Mother and Next Friend of minor children N.F. and G.F. demand judgment against Defendants, individually and jointly and severally, in an amount exceeding seventy-five thousand dollars ($75,000.00), plus interest, the costs of this action, attorneys' fees, and such further relief as this Honorable Court deems just and proper under the circumstances.

11

**Ex. A**

## Count V
### Violation of Article 26 of the Maryland Declaration of Rights – Excessive Force and Deprivation of Liberty
### (Against All Defendants)

65.    Plaintiffs hereby adopt and incorporate by reference the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

66.    By the actions described above, Defendant Warrington deprived Mr. Richardson of his rights under Article 26 of the Maryland Declaration of Rights, including, freedom from excessive force, and freedom from unreasonable seizures and loss of liberty.

67.    Warrington's actions were taken without provocation and without legal justification and with the intent to violate the civil rights of Mr. Richardson, as well as his rights under Article 24 of the Maryland Declaration of Rights.

68.    When Warrington, without provocation or reason to do so fired his weapon, Mr. Richardson was unarmed, non-threatening, not fleeing, and compliant; no felony had been committed in Warrington's presence; and no immediate threat to any person existed.

69.    Warrington issued no commands or warnings and made no attempt to de-escalate despite having time and the ability to do so.

70.    Ms. Farrar and the minor children were within feet of Mr. Richardson inside the family vehicle, in Warrington's line of fire and within the immediate zone of danger.

71.    The round missed Mr. Richardson and struck a passing minivan, demonstrating that Warrington fired without being certain of his target or what lay beyond and that the shot traveled into active traffic.

72.    Body-worn camera and witness video capture the discharge and Warrington's immediate apology and admission, evidencing awareness that no lawful basis existed for the shot.

12

**Ex. A**

73.     The shooting violated basic firearms safety and BPD's written policies, including General Orders 405 (Use of Force), 406 (Firearms), and 108 (Code of Conduct).

74.     There was no rapidly evolving emergency, high-speed chase, or hostage scenario; the scene was stable enough for commands or less-than-lethal alternatives short of deadly force.

75.     As a direct and proximate result of Warrington's conduct, Plaintiffs suffered fear, emotional distress, and ongoing psychological harm, and their family security and daily routines were disrupted.

76.     At all relevant times, Warrington acted within the scope of his employment and in furtherance of his duties as a BPD officer. Defendant City of Bowie is liable under Maryland law, including *respondeat superior* for constitutional torts, and through their failure to adhere to and apply their own customs, policies, training, supervision, and oversight that were a moving force of the violations.

77.     Warrington was on duty, in uniform, carrying his service weapon, and using BPD equipment at the time of the events described herein.

WHEREFORE Plaintiffs Nathanial Richardson and Cachet Farrar, individually and as Mother and Next Friend of minor children N.F. and G.F. demand judgment against Defendants, individually and jointly and severally, in an amount exceeding seventy-five thousand dollars ($75,000.00), plus interest, the costs of this action, attorneys' fees, and such further relief as this Honorable Court deems just and proper under the circumstances.

## Count VI
### Battery
### (Against Defendant Warrington)

78.     Plaintiffs hereby adopt and incorporate by reference the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

13

Ex. A

79.    Warrington intentionally and impermissibly discharged his firearm toward Mr. Richardson.

80.    Discharging his firearm toward Mr. Richardson constituted a harmful and offensive touching of Mr. Richardson without legal authority or justification.

81.    Mr. Richardson did not consent to the harmful and offensive touching.

82.    As a direct and proximate result of Warrington's conduct and actions, Mr. Richardson has suffered and will continue to suffer severe mental anguish, medical and other related damages.

WHEREFORE Plaintiffs Nathanial Richardson and Cachet Farrar, individually and as Mother and Next Friend of minor children N.F. and G.F. demand judgment against Defendants, individually and jointly and severally, in an amount exceeding seventy-five thousand dollars ($75,000.00), plus interest, the costs of this action, attorneys' fees, and such further relief as this Honorable Court deems just and proper under the circumstances.

### Count VII
### Assault
### (Against Defendant Warrington)

83.    Plaintiffs hereby adopt and incorporate by reference the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

84.    Warrington intentionally discharged his firearm toward Mr. Richardson.

85.    In discharging his firearm toward Mr. Richardson, Warrington acted with the intent and capability to do bodily harm to Mr. Richardson.

86.    Warrington's actions caused Mr. Richardson to be put in reasonable apprehension of an imminent battery.

Ex. A

87.     As a direct and proximate result of Warrington's conduct and actions, Mr. Richardson has suffered and will continue to suffer severe mental anguish, medical and other related damages.

WHEREFORE Plaintiffs Nathanial Richardson and Cachet Farrar, individually and as Mother and Next Friend of minor children N.F. and G.F. demand judgment against Defendants, individually and jointly and severally, in an amount exceeding seventy-five thousand dollars ($75,000.00), plus interest, the costs of this action, attorneys' fees, and such further relief as this Honorable Court deems just and proper under the circumstances.

**<u>Count VIII</u>**
**Gross Negligence**
**(Against Defendant Warrington)**

88.     Plaintiffs hereby adopt and incorporate by reference the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

89.     Warrington had a duty to Mr. Richardson and the other Plaintiffs to respect their life and dignity and to exercise reasonable judgment in his interaction with Mr. Richardson. He had a further duty to Mr. Richardson to not use more force than that which was necessary to achieve the purpose for which he approached Mr. Richardson.

90.     Warrington also had a duty to adhere to and comply with BPD General Orders, specifically including General Orders 405, 406, and 108, as well as with the United States and State of Maryland Constitutions.

91.     Warrington breached these duties by discharging a firearm at Mr. Richardson, thereby failing to respect the life and dignity of Mr. Richardson and the other Plaintiffs, failing to exercise reasonable judgment in his interaction with Mr. Richardson, and failing to comply with and adhere to the United States and State of Maryland Constitutions.

**Ex. A**

92.     Warrington's actions constituted an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting Mr. Richardson's life. His actions were taken with a thoughtless disregard of the consequences without the exertion of any effort to avoid them. His actions were so utterly indifferent to the rights of Mr. Richardson that through Warrington's actions, it was as if such rights did not exist.

93.     As a direct and proximate result of Warrington's wanton and reckless conduct, actions, and disregard for human life, Mr. Richardson has suffered and will continue to suffer severe mental anguish, medical and other related damages.

WHEREFORE Plaintiffs Nathanial Richardson and Cachet Farrar, individually and as Mother and Next Friend of minor children N.F. and G.F. demand judgment against Defendants, individually and jointly and severally, in an amount exceeding seventy-five thousand dollars ($75,000.00), plus interest, punitive damages, the costs of this action, attorneys' fees, and such further relief as this Honorable Court deems just and proper under the circumstances.

### Count IX
### Negligent Training, Supervision, and Retention
### (Against Defendant City of Bowie)

94.     Plaintiffs hereby adopt and incorporate by reference the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

95.     Defendants owed Plaintiffs duties to exercise reasonable care in hiring, training, supervising, and retaining officers, including with respect to firearms safety, threat assessment, de-escalation, and compliance with BPD General Orders 405, 406, and 108.

96.     Defendants breached these duties by failing to implement and enforce adequate training, supervision, and corrective measures; by retaining an officer unfit to safely perform armed police duties; and by tolerating violations of written policy.

Ex. A

97.     Defendants' negligence directly and proximately caused Plaintiffs' injuries.

WHEREFORE Plaintiffs Nathanial Richardson and Cachet Farrar, individually and as Mother and Next Friend of minor children N.F. and G.F. demand judgment against Defendants, individually and jointly and severally, in an amount exceeding seventy-five thousand dollars ($75,000.00), plus interest, the costs of this action, attorneys' fees, and such further relief as this Honorable Court deems just and proper under the circumstances.

### Count X
### Intentional Infliction of Emotional Distress
### (Against Defendant Warrington)

98.     Plaintiffs hereby adopt and incorporate by reference the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

99.     Warrington's conduct in firing a handgun at Mr. Richardson at close range, in front of his partner and minor children, without warning or threat, was intentional, reckless, and in deliberate disregard of a high degree of probability that emotional distress would result to the infant Plaintiff.

100.    Warrington's conduct was extreme and outrageous and beyond the bounds of decency in society.

101.    Warrington's conduct was malicious, willful, and intentional.

102.    As a result of Warrington's conduct, Plaintiffs suffered severe emotional distress and trauma as a result.

WHEREFORE Plaintiffs Nathanial Richardson and Cachet Farrar, individually and as Mother and Next Friend of minor children N.F. and G.F. demand judgment against Defendants, individually and jointly and severally, in an amount exceeding seventy-five thousand dollars

Ex. A

($75,000.00), plus interest, punitive damages, the costs of this action, attorneys' fees, and such further relief as this Honorable Court deems just and proper under the circumstances.

### Count XI
### Negligent Entrustment and Negligent Supervision
### (Against Defendant City of Bowie)

103.   Plaintiffs hereby adopt and incorporate by reference the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

104.   Defendant City of Bowie entrusted Warrington with a firearm, authority, and access to communications and deployment systems despite inadequate training, supervision, and enforcement of safety and use-of-force rules.

105.   Defendants failed to ensure compliance with BPD General Orders 405, 406, and 108 and permitted an unfit officer to carry and deploy a firearm in public.

106.   The negligent entrustment and supervision created a foreseeable risk of constitutional and common-law violations and directly caused Plaintiffs' injuries.

WHEREFORE Plaintiffs Nathanial Richardson and Cachet Farrar, individually and as Mother and Next Friend of minor children N.F. and G.F. demand judgment against Defendants, individually and jointly and severally, in an amount exceeding seventy-five thousand dollars ($75,000.00), plus interest, the costs of this action, attorneys' fees, and such further relief as this Honorable Court deems just and proper under the circumstances.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A.   Enter judgment for Plaintiffs and against all Defendants on all counts;

18

Ex. A

B.      Award compensatory damages in an amount to be determined at trial, including damages for emotional distress, mental anguish, pain and suffering, loss of family security, and associated harms;

C.      Award punitive damages against Defendant Warrington in his individual capacity;

D.      Enter declaratory and injunctive relief as requested;

E.      Award reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. §§ 1983 and 1988 and other applicable law;

F.      Award pre- and post-judgment interest; and

G.      Award such other and further relief as this Court deems just and proper.


Date: September 12, 2025                                 Respectfully submitted,

                                                        /s/ Jeffrey P. Bowman
                                                        Jeffrey P. Bowman (CPF# 0712110078)
                                                        jbowman@bowmanjarasow.com

                                                        /s/ Ronald H. Jarashow
                                                        Ronald H. Jarashow (CPF # 7512010151)
                                                        rjarashow@BowmanJarashow.com

                                                        /s/ Matthew J. Chalker
                                                        Matthew J. Chalker (CPF# 0812160129)
                                                        mchalker@bowmanjarashow.com

                                                        BOWMAN JARASHOW LAW LLC
                                                        162 West Street
                                                        Annapolis, MD 21401
                                                        Tel: 410-267-9545
                                                        Fax: 443-782-0241

                                                        /s/ Robin K. Henley
                                                        Robin K. Henley (CPF# 0512140047)
                                                        rkh@henleylaw.net

                                                        Henley & Henley, Attorneys at Law
                                                        47 West Street
                                                        Annapolis, MD 21401

19

Ex. A

Tel: 410-280-0530
Fax: 443-280-2029

20

**Ex. A**

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues so triable.

Date: September 12, 2025

Respectfully submitted,

/s/ Jeffrey P. Bowman
Jeffrey P. Bowman (CPF# 0712110078)
jbowman@bowmanjarasow.com

/s/ Ronald H. Jarashow
Ronald H. Jarashow (CFP # 7512010151)
rjarashow@BowmanJarashow.com

/s/ Matthew J. Chalker
Matthew J. Chalker (CPF# 0812160129)
mchalker@bowmanjarashow.com

BOWMAN JARASHOW LAW LLC
162 West Street
Annapolis, MD 21401
Tel: 410-267-9545
Fax: 443-782-0241

Ex. A